UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JESUS GARCIA LEE                                                                        PLAINTIFF

VERSUS                                                  CIVIL ACTION NO. 1:10CV67-LG-RHW

PAT OLSEN et al                                                                       DEFENDANTS

## PROPOSED FINDINGS OF FACT AND RECOMMENDATION

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 prisoner civil rights complaint alleging that Defendant Christine Hood used excessive force against him. At the time of the incident in question, Hood was employed as a nurse at the Harrison County Adult Detention Center. According to Plaintiff, Hood slapped or hit Plaintiff when she was treating him for seizures. After the incident, Hood quit working at the jail.

The Court conducted a screening hearing on July 21, 2011. Through counsel for Defendants, the Court obtained Hood's last known address. On October 21, 2010, the Court directed service of process to Hood at her last known address. On December 9, 2010, summons was returned unexecuted with the notation that the U.S. Marshal attempted service three times but there was "no one at listed address". On March 2, 2011, the Court entered an [28] Order to Show Cause directing Plaintiff either to provide a current address for Defendant Hood or to show cause in writing why Hood should not be dismissed from the lawsuit based on Plaintiff's failure to serve process. Plaintiff filed a [29] Response to the show cause order, in which he merely stated that he does not wish to dismiss Hood from the lawsuit and that her "moving around shows her guilt."

The Court entered an [36] Order construing Plaintiff's response as a request for additional time to effect service of process. The Court allowed Plaintiff until May 2, 2011 to provide the

Court with an address for Hood. Plaintiff was cautioned that his failure to comply with the Court's order would result in dismissal of Hood from the lawsuit. In his [37] Response filed on April 29, 2011, Plaintiff again failed to provide an address for Hood. Rather, he stated that he wished for Hood to remain as a defendant and requested that the U.S. Marshal service search for a current address on the internet.

In addition to Hood, Plaintiff has named Kenissia Clark and Pat Olsen as Defendants. At the screening hearing, Plaintiff indicated that he filed suit against Clark and Olsen because they supervised Hood. Defendants Clark and Olsen have each filed Motions for Summary Judgment arguing that they cannot be held liable pursuant to § 1983 because they are sued solely in their supervisory capacity.

## LAW AND ANALYSIS

Rule 4(m) of the Federal Rules of Civil Procedure establishes a 120-day time limit for service of process. In pertinent part it states:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m). It is now well beyond the 120-day deadline, and Plaintiff has failed to serve Defendant Hood with process. The undersigned entered an [28] Order to Show Cause on March 2, 2011, thereby putting Plaintiff on notice of the deficiency in service of process. The Court attempted to effect service of process through the U.S. Marshal's service using Hood's last known address. Although given the opportunity, Plaintiff has not provided the Court with an alternative address for effecting service of process with respect to Hood. Accordingly, the

undersigned recommends that Defendant Hood be dismissed from the lawsuit without prejudice due to Plaintiff's failure to serve process within the 120-day time limit provided in Rule 4(m).

With respect to Defendants Clark and Olsen, the undersigned recommends that the motions for summary judgment be granted and that claims against them be dismissed with prejudice for failure to state a claim.  Specifically, Plaintiff does not allege any personal involvement by Olsen or Clark in the slapping incident.  Rather, Plaintiff stated at the screening hearing that he sued them only in their supervisory capacity.

A defendant generally is not liable in his or her supervisory capacity for the actions of others.  *See Doe v. Taylor Indep. School Dist.*, 15 F.3d 443, 452 (5th Cir. 1994) (en banc).  Any claims against a defendant in his or her individual capacity must be based on "direct acts or omissions . . . not the acts of subordinates."  *Coleman v. Houston Indep. School Dist.*, 113 F.3d 528, 534 (5th Cir. 1997).  Under § 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability.  *Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987).  However, a supervisor may be held liable if there exists either (1) his personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.  *Id.*

Plaintiff's complaint, subsequent pleadings, and testimony at the screening hearing fail to make out a claim against either Clark or Olsen in their supervisory capacity.  As such, the undersigned recommends dismissing the lawsuit as to Clark and Olsen with prejudice.

## RECOMMENDATION

The undersigned recommends granting Defendants' [32, 34] Motions for Summary Judgment and dismissing Plaintiff's 42 U.S.C. § 1983 complaint in its entirety.  The undersigned

3

recommends that the dismissal be without prejudice as to Defendant Hood, based on Plaintiff's failure to effect timely service of process. The undersigned recommends that the dismissal be with prejudice as to Defendants Clark and Olsen because Plaintiff has failed to state a claim against them.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed **factual findings and legal conclusions** that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 16th day of May, 2011.

s/ *Robert H. Walker*
UNITED STATES MAGISTRATE JUDGE